REEDER SMITH, Appellee, Complainant,

*vs.*

AMOS A. LAWRENCE, Appellant, Defendant.

MOTION TO DISMISS APPEAL.

An appeal lies from an order of the circuit, denying a motion to set aside a de-
fault, and permit an answer to be filed.
Our statute of appeals in chancery, would seem to extend to all orders which
essentially affect the substantial rights of the parties, or the merits of the case.

*Howe,* for the motion.

*Ryan,* contra.

*By the Court,* SMITH, J.   This is an appeal in chan-
cery from an order of the Circuit Court of Outaga-
mie county, denying a motion made, by the defend-
ant, to vacate a former order by which the complain-
ant's bill was taken as confessed, by reason of the
non-compliance of the defendant with an order of
that court to plead, answer or demur to the complain-
ants amended bill, within the time prescribed by such
order.

From this order of the Circuit Court denying the
motion of the defendant to vacate the order taking
the amended bill as confessed, and to let in the de-
fendant to defend, or " to allow the defendant's an-
swer" (which had been filed) " to remain on file," the
defendant has appealed to this court.

The complainant now moves to dismiss this appeal
on the following grounds :  " 1st. The said appeal is
taken from an interlocutory order made in the court
below, overruling the motion of the appellant to set

aside a default regularly taken, and allow the answer to remain on the files, from which order an appeal will not lie. 2d. The bill of the complainant having been taken as confessed by the appellant, a motion to set aside his default, and allow him to defend, is a question addressed to the discretion of the court, and is not subject to review in another court."

The subject of appeals in chancery, is regulated by chapter 85, § 110, 111, 112, 113 of our Revised Statutes. Section 110 provides, that "when any person being complainant or defendant, shall think himself aggrieved by the final order or decree of the judge of a Circuit Court, sitting as a court of chancery, such person may enter an appeal within two months, to the Supreme Court from such decree or order ; and when any person, being complainant or defendant, shall think himself aggrieved by any interlocutory decree, *or any order* previous to a final decree, he may appeal therefrom, &c."

This statute seems to have been designed to give parties the most ample facilities for appeal, and the practice has been to construe it liberally. In the case of *Hooe vs, Douseman,* an appeal was taken from an order of the Circuit Court, granting a re-hearing. A petition was filed for leave to file a supplemental bill in the nature of a bill of review. Upon this petition the Circuit Court made an order, granting a re-hearing. An appeal was taken, and in this court a motion was made to dismiss the appeal, on the ground, among others, that an appeal would not lie from such an order. This motion was denied. It was then stated that had such motion been denied, it would conclude the rights of the parties. It would seem that the reason for sustaining this appeal is as

June Term
1854.

Smith
vs.
Lawrence.

cogent as in the case just cited. Here the denial of the motion to vacate the order made in this case, was conclusive of the rights of the defendant. Nothing remained but to make such a decree as the complainant may have been entitled to upon his bill and proofs. It shuts out all defence, and is conclusive upon his rights.

But it is said that the defendant has had his time and opportunity to make his defence, and having failed to avail himself of such opportunity, it is a mere matter of discretion with the judge whether such default shall be excused or not, and so resting in the discretion of the judge, his decision thereon is not subject to review. Some authorities have been cited, (16 *Wend.*, 196 ; 1 *Comst.* 43,) which, did we feel at liberty to follow them, would be conclusive. It is admitted that they are precisely in point, and were they authoritative here, would be decisive. But whatever view the Court of Errors or the Court of Appeals in New York may have taken of their own powers and duties, we are unable, in view of the organization and powers of this court, and of the provisions of the statute, to reconcile that rule of decision with our sense of duty. We think it was the intention of the legislature to give to the parties a right of appeal from every decree or order of the Circuit Court, which essentially affects the rights of the parties, or the merits of the case. The denial of the motion of the defendant certainly does this.

Various circumstances may occur to prevent a party from filing his answer within the time prescribed. And when a party has used every endeavor to comply with the order of the court, but has been prevented by unavoidable accident. or any cause not

JUNE TERM 1854.

Smith
vs.
Lawrence.

attributable to his own fault or neglect, and without unnecessary delay, and presents his excuse and a meritorious defence, there should not be vested in the court such an arbitrary discretion, as to render the rejection of such defence final, and without appeal. So thought the court below, who, notwithstanding the default, looked into the bill and the answer proffered, and refused the motion, not on the ground of the insufficiency of the matters urged in excuse of the default, but on the ground that the proffered answer did not disclose a good defence. And it is believed that such is almost always the practice of courts on similar motions. If so, this can scarcely be called a rule or question of practice, but is in effect a determination upon the merits of the case.

We have not looked into the bill and answer, but have decided this motion simply in the light in which it was presented, and have arrived at the conclusion that we would not be justified in denying an appeal from orders of this nature. Great injustice might be be done, in the necessary haste of circuit practice, through oversight, mistake or misapprehension, which would be remediless were an appeal in all cases denied.

We can place no other construction upon our statute, than the one which will include within its purview, appeals from orders of this kind, and however weighty the argument, urged from a vastly increased amount of business in this court, we cannot avoid what appears to us the obvious intention of the legislature, and the fair interpretation of the statute.

Motion denied, with costs.